38 C.C.P.A.(Patents)
### Application of RATTI.
### Patent Appeals No. 5774.

United States Court of Customs and Patent Appeals.
June 5, 1951.

Irvin S. Thompson, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office which affirmed a decision of the examiner rejecting, in view of the prior art, all of the claims, Nos. 16, 19, 20, and 23, in appellant's patent application for an alleged invention relating to spectacle and goggle frames.

Claim 16 is illustrative of the appealed claims and reads as follows: "16. An ear bar or temple for goggle and spectacle frames with an intermediate rectilinear laterally flexible region, comprising a rod of comparatively rigid non-metallic material and a metal reinforcement in said rod said reinforcement including a resilient portion in said flexible region and said rod having transverse slots leaving along said resilient portion interspaced rod sections and flexible connecting webs between said sections, said connecting webs lying in the plane with respect to which said bar is required to be flexible."

The references relied on are: Belgard et al., 1,498,227, June 17, 1924; Ratti (Italian), 325,758, April 8, 1935.

Appellant's application discloses ear bars for spectacles or goggles, composed of a comparatively rigid non-metallic material within which, in order to impart strength

and flexibility, a flexible metal member is embedded. Near the hinge end, where the maximum of flexibility is desired, there is provided a plurality of transverse slots in the non-metallic material which extend across the bar from an edge of the lateral face thereon towards the other edge. Those slots, or grooves, may be of any depth, even to the extent of exposing the metal member.

The patent to Belgard et al. discloses the construction of a temple bar for spectacles made of a comparatively rigid non-metallic material which has embedded therein a flexible metal reinforcing member. In order to impart flexibility in the region adjacent the hinge end, the metal member and the non-metallic material are flattened in that area.

The Italian patent (property of appellant) discloses a flexible nose bridge portion of spectacles composed of a comparatively rigid non-metallic material reinforced with a flexible metal member, the non-metallic composition being slotted to allow flexing of the metal member.

The examiner rejected the appealed claims for lack of invention over Belgard et al. in view of Ratti. The board affirmed this holding.

In the course of the proceedings below, appellant moved to amend his application by the cancellation of Figures 9 and 10, which drawings are similar to the flattened metal reinforcing bar disclosed in the patent to Belgard et al. The examiner held that since no claims had been allowed, no correction of the drawings could be made, in accordance with the usual Patent Office practice, and further, that applicant in his original application, as filed, had considered those drawings equivalent to the forms shown in his other figures.

Claim 16 contains a limitation not set forth in the other claims on appeal; namely, the provision for "interspaced rod sections and flexible connecting webs between said sections, said connecting webs lying in the plane with respect to which said bar is required to be flexible."

The board held, and we think correctly, that no invention is involved in connecting the rod sections by transverse webs in view of Figures 9 and 10 in the involved application which disclose a modification of appellant's structure in that they show the rods unconnected by a resilient web and which modification, according to the application, is an equivalent to the drawings illustrating the temple bars with the connecting webs.

The primary purpose of appellant's alleged invention, as also disclosed by the prior art, is to impart flexibility to certain sections of spectacle and goggle frames. To accomplish this, all use a flexible metal element and means for reducing the quantity of the non-metallic material in the area in which the bar is to be bent. We feel there is no invention involved in substituting a flexible bridge portion, as disclosed in the Italian patent, for a flexible portion in a temple bar, or of slotting the non-metallic material instead of thinning it to impart flexibility, as shown by Belgard et al.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.